**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BOBBY L. GALLOWAY,

      Plaintiff-Appellant,

v.

JOHN WHETSEL; JACK CORNETT;
JIM ROTH; STAN INMAN,
individually and in their official
capacities,

      Defendants-Appellees.

No. 03-6239
(D.C. No. 02-CV-1714-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **HARTZ** , and **BALDOCK** , Circuit Judges, and **BRIMMER** ,[**] District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable Clarence A. Brimmer, District Judge, United States District
Court for the District of Wyoming, sitting by designation.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Bobby L. Galloway, an inmate proceeding *pro se*, appeals from the district court's dismissal of his cause of action for claims arising while he was a pretrial detainee in the Oklahoma County Jail in Oklahoma City. Mr. Galloway seeks damages and declaratory and injunctive relief under 42 U.S.C. § 1983. Defendants are the Oklahoma County Sheriff and current and former Oklahoma County Commissioners. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mr. Galloway alleged violation of state laws and of the Eighth Amendment based on unsanitary and inhumane conditions at the county detention center, and also alleged violation of his First and Sixth Amendment rights to legal materials and religious services. His claims were referred to a magistrate judge, who, after obtaining a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), recommended that the district court grant summary judgment on some of the federal claims, dismiss the remaining federal claims for failure to state a claim, and dismiss the state-law claims without prejudice under Fed. R. Civ. P. 12(b)(6) & 56(c); 28 U.S.C. § 1915(e)(2)(B)(ii), and 28 U.S.C. § 1915A(b)(1). The magistrate judge recommended that dismissal of the constitutional claim

alleging denial of adequate cleaning supplies should be without prejudice because "the defect is potentially curable." R., Doc. 32 at 16.

The district court adopted the magistrate judge's recommendations. The court concluded that the county commissioners were entitled to judgment as a matter of law on all federal claims; granted summary judgment in favor of defendant Whetsel in his official capacity on all federal claims and in his individual capacity on federal claims based upon limited access to the law library and legal materials, denial of access to religious services, inadequate clean clothing, cold or improperly stored food, imbalanced diet, and exposure to tuberculosis, flooding, cold temperatures, and overcrowding. The court further dismissed the federal claims against Mr. Whetsel in his individual capacity based on inadequate shower opportunities and lack of cleaning supplies and declined to exercise supplemental jurisdiction over the state-law claims against all defendants.

On appeal Mr. Galloway argues only that he stated a claim against defendant Whetsel for unsanitary living conditions. He argues that Mr. Whetsel was responsible for his care and custody; that the detention center's "facility administrator and/or his agents" subjected him to "feces contaminated toilet and sewage line overflows" and "unsanitary living and sleeping quarters," and "refused to administer appropriate cleaning supplies, despite repeated requests,"

for most of the four and one-fourth months he was held at the center. *Id.* at 7. He claims that the only cleaning supplies issued were "a broom and a wet mop with no sanitary cleaning powder and/or liquid to sanitize the contaminated area," *id.*, and alleges that he complained "to the facility head and agents . . . [who] ignored the requests for the cleaning supplies," but that requests and grievances "went unanswered." *Id.* at 8. As a result of these conditions, he claims that he contracted a foot and toenail fungus.

Defendants contend that Mr. Galloway's appeal is not properly before us because he failed to file objections to the magistrate judge's report and recommendations within the allotted time. Mr. Galloway responds that he did not object to the report and recommendations because he did not receive a copy of it until after the due date of the filing of objections. Although this court has a firm waiver rule, under which the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both legal and factual issues, we need not apply the rule when the interests of justice dictate otherwise. *See Moore v. United States,* 950 F.2d 656, 659 (10th Cir. 1991). Rather than resolving Mr. Galloway's factual assertions concerning notice, we turn to an evaluation of the issues raised in his appeal.

"Under the Eighth Amendment, jail officials must provide humane conditions of confinement . . . by taking reasonable measures to guarantee the

inmates' safety." *McBride v. Deer,* 240 F.3d 1287, 1291 (10th Cir. 2001) (internal quotation marks omitted). Thus, allegations that an inmate was forced to occupy a feces-encrusted cell may satisfy the first prong of an Eighth Amendment claim, which requires a showing that the alleged violation is sufficiently serious. *See id.* But to prevail on a claim an inmate must also establish that the official he seeks to hold personally liable for the violation acted with "deliberate indifference to inmate health and safety." *Id.* (internal quotation marks omitted). Also, "before a superior may be held for acts of an inferior, the superior, expressly or otherwise, must have participated or acquiesced in the constitutional deprivations of which complaint is made." *McClelland v. Facteau*, 610 F.2d 693, 696 (10th Cir. 1979).

Mr. Galloway did not allege in his complaint that Mr. Whetsel was aware that detention officers refused to supply Mr. Galloway with disinfectants or other sufficient supplies to clean feces from his cell floor and toilet. He simply stated that requests for supplies went unheeded. Although Mr. Galloway's complaint alleged that he "made numerous verbal and at least one written complaint to the Jailers, but they never replied," R. Doc. 2 at 9, and that he saw jailers "routinely throw away inmates' grievances and requests," *id.,* a search of the detention records showed that Mr. Galloway filed no grievances while incarcerated at the

-5-

detention center.  R. Doc. 11, Ex. B.  Mr. Galloway does not explain how Mr. Whetsel would have learned of unfiled grievances.

The inspection reports that Mr. Whetsel signed and that were placed in the record by Mr. Galloway do not assist him.  None show the foul conditions he alleges.  And even to the extent that the report shows some deficiencies, *see, e.g.*, R. Doc. 31, att. 3 (noting that floors on sixth-floor day room were dirty and cleaning supplies were "not issued daily"), for each deficiency a plan of correction was provided, *see id.* (noting plan to create and monitor daily log book for cleaning supplies).  Under these circumstances we hold that the district court properly dismissed Mr. Galloway's cause of action for lack of evidence of defendant Whetsel's deliberate indifference.

Mr. Galloway's motion to proceed *in forma pauperis* is granted.  He is reminded that he is obligated to continue making partial payments until the entire filing fee for this appeal has been paid.

The judgment of the district court is AFFIRMED.

Entered for the Court

Harris L Hartz
Circuit Judge

-6-